## SAMS *v.* O'SHESKEY.

1. JUDGMENT—SUMMARY JUDGMENT—SUFFICIENCY OF AFFIDAVIT OF MERITS.

A summary judgment in favor of the plaintiff may not be given unless, granting the truth of all the facts alleged in the defendant's affidavit of merits, plaintiff would still be entitled to recover.

2. SAME—SUMMARY JUDGMENT—SUFFICIENCY OF MOTION.

Where portion of plaintiff's motion for summary judgment, claimed to be objectionable as hearsay, may be characterized as surplusage and rejected and balance of motion contained a sufficient statement of defendant's default, the motion could be regarded as sufficient to support recovery for plaintiff, where there was a supporting affidavit on personal knowledge of plaintiff as affiant.

3. SAME—BROKER'S COMMISSIONS—MOTION FOR SUMMARY JUDGMENT—SURPLUSAGE.

In assumpsit to recover broker's commission for sale of a retail liquor business under an agreement that defendant vendors would show sales taxes at $6,000 average gross per month,

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 41 Am. Jur., Pleading, § 342.

where motion for summary judgment contained averment that defendants were afforded ample opportunity to make the required showing but failed to do so, the statement of defendants' default was sufficient, and the additional averment that plaintiff was "informed, and verily believes, that the defendants were wholly unable" to make such showing may be rejected as surplusage.

4. CONTINUANCE—HEARING ON MOTION FOR SUMMARY JUDGMENT—DISCRETION OF COURT.
    Denial of continuance of hearing on motion for summary judgment on third request therefor merely because of substitution of attorneys for defendant husband where attorney who had represented both husband and wife continued to represent her *held*, neither prejudicial nor an abuse of discretion, where defendant husband makes no showing of ability to prepare a better defense than presented by his affidavit of merits.

5. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—AVERMENT OF FRAUD.
    In broker's action of assumpsit against husband and wife for commission on sale of retail liquor business, her affidavit of merits averring that it was falsely represented to her that the document presented for her signature contained only a release by her of her interest in the liquor license and that she did not know it contained an agreement to pay a 10 per cent. sales commission raised a question of fact, hence it was error to enter a summary judgment as to her.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 14, 1948. (Docket No. 83, Calendar No. 44,222.) Decided December 17, 1948.

Assumpsit by Carl R. Sams and Paul E. Threm, doing business as Carl R. Sams Company, against Henry O'Sheskey and wife for broker's commission for sale of a business. Summary judgment for plaintiffs. Defendants appeal. Affirmed as to Henry O'Sheskey. Reversed and remanded for granting a new trial to Jeanette O'Sheskey.

*George F. Curran* and *Donald W. Grant,* for plaintiffs.

*Berger, Manason & Kayes,* for Henry O'Sheskey.

*James Thomson,* for defendant Jeanette O'Sheskey.

REID, J. Defendants appeal from a summary judgment. Plaintiffs' action is for recovery of amount of commission for sale of real and personal property. Plaintiffs made a motion for summary judgment, supporting the same by an affidavit. Each defendant made separate affidavits of merits. We consider all the statements thus presented, having in mind our decision in *Dempsey* v. *Langton,* 266 Mich. 47, in which we stated at page 50, "A summary judgment in favor of the plaintiff may not be given unless, granting the truth of all the facts alleged in the defendant's affidavit of merits, plaintiff would still be entitled to recover."

A copy of the agreement of sale is attached to the declaration. An agreement to pay the brokers (plaintiffs doing business as a copartnership) a commission of 10 per cent. of the sale price is embodied in the agreement of sale, which is in the form of an offer to purchase by Walter Motak, Jr., the purchaser, and acceptance thereof signed by defendants. Plaintiffs had produced Walter Motak, Jr., as a purchaser. The agreement was for the sale of defendants' retail liquor business at 4822 Greenfield road, Dearborn, for $40,000. Part of the agreement was that defendants "show sales taxes at $6,000 ave. gross per month." The agreement was made on or about December 15, 1947. No dispute arises over the validity or construction of the agreement of sale, except the claim of defendant Jeanette O'Sheskey that her signature was procured by fraud.

From the affidavit attached to the motion for summary judgment, it appears that ample opportunity was afforded defendants at all times by plaintiffs and by Walter Motak, Jr., vendee, to produce evidence of the payment of Michigan sales taxes on an average of $6,000 gross per month.

The language of the motion for summary judgment is in part as follows:

"(g) That, although ample opportunity was afforded defendants by plaintiffs and the said Walter Motak to produce and show to the said Walter Motak or his duly authorized agent the payment of Michigan sales taxes, as aforesaid, defendants wholly failed, refused and neglected to do so, and deponent is informed, and verily believes, that the defendants were wholly unable to do so.

"(h) That, because of defendant's [defendants'] failure to show payment of the taxes, as aforesaid, the said Walter Motak justifiably refused to consummate the sale."

Defendant Henry O'Sheskey filed a separate affidavit of merits, the important parts of which are as follows:

"1. That your deponent did show the book to Walter Motak, and that the said Walter Motak refused to consummate the deal.

"2. That the said 'Exhibit A' is an offer to purchase by the purchaser on certain conditions and that the said purchaser refused to consummate the purchase after all papers and bookkeeping reports had been shown to the said Walter Motak.

"3. That your deponent did not fail to show his reports of his business including tax reports to the said Walter Motak or his agents. That there was no justification for the said Walter Motak refusing to consummate the deal."

An important question for us to consider is the effect of the words, "and deponent is informed, and

verily believes, that the defendants were wholly unable to do so," which words occur at the end of paragraph (g) of the motion for summary judgment above quoted. Defendants object to that part of the motion and affidavit supporting the motion for summary judgment as not being based on knowledge of affiant. We conclude that the quoted words (objected to as being hearsay), pertain to a matter not essential to support a recovery by plaintiffs. The allegation in plaintiffs' motion (with supporting affidavit on personal knowledge) that defendants wholly failed, refused and neglected to show gross receipts required, was complete and sufficient without the further allegation (on information) that defendants were unable to make the showing. The default of the defendants was complete whether they had ability to comply or lacked the ability to comply. The statement on information in plaintiffs' affidavit of defendants' inability to comply was surplusage.

Defendant Henry O'Sheskey complains of the order of the circuit judge denying him a motion for continuance, claiming that his newly-appointed attorney was not sufficiently familiar with the case to submit a proper affidavit of merits. The notice of hearing and motion for summary judgment was filed with the clerk of the court, March 5, 1948, and the same noticed for hearing, March 12, 1948. James Thomson was then attorney for both defendants. Thomson requested and George F. Curran, attorney for plaintiffs, agreed to and consented to an adjournment of the hearing on the motion to March 19, 1948, and on March 19, 1948, by similar agreement, the hearing was continued to March 26, 1948. On March 25, 1948, a similar request by Thomson for continuance was refused by Curran. On March 26, 1948, at 10 a.m., upon the hearing of the motion for summary judgment, Curran and the trial court were informed for the first time that Messrs. Berger, Manason &

Kayes, attorneys, had been retained by defendant Henry O'Sheskey in place of James Thomson, who had been defendant Henry O'Sheskey's attorney up to that time. James Thomson and the newly-appointed attorneys requested the court for an additional adjournment but the court sustained the objection of Curran, denied the motion of defendant Henry O'Sheskey for an adjournment, and proceeded then and there to hear arguments on the motion for summary judgment.

Defendant Henry O'Sheskey's affidavit of merits was filed, March 29, 1948. Summary judgment for plaintiffs against the defendants, jointly and severally, in the sum of $4,000, was entered on March 31, 1948, and notice given.

The record is barren of any showing on the part of defendant Henry O'Sheskey that he (or any witness for him) is able to make a more complete affidavit or set forth a better defense than that set forth in the affidavit that he swore to before the court rendered the summary judgment. While defendant Henry O'Sheskey complains that he was not given sufficient time, it does not appear that he was injured because he does not inform us in what particular he could have made a better defense if he had been given more time. He filed a motion for a new trial, dated April 13, 1948, but in that motion he does not disclose or show that he would be able to make a better defense. Under these circumstances, we are not convinced that defendant Henry O'Sheskey was prejudiced or that the trial judge abused his discretion in refusing to grant an adjournment and in proceeding on March 26th to take up the matter of the summary judgment. The judgment as to defendant Henry O'Sheskey is affirmed, with costs to plaintiffs.

Defendant Jeanette O'Sheskey in a motion separate from that of defendant Henry O'Sheskey, com-

plains of the entry of summary judgment against her.

The affidavit of merits of Jeanette O'Sheskey sets forth that the plaintiffs in order to procure her signature to the agreement of sale (which contains the agreement to pay plaintiffs the 10 per cent. commission in question) falsely represented to her that the document was only a release by her of her interest in the liquor license; that she did not know that the document contained an agreement to pay a sales commission and that she was deceived by the statements of plaintiffs.

This affidavit raised a question of fact and the trial judge was in error in entering a summary judgment against her.

Judgment as to defendant Jeanette O'Sheskey is reversed. The case as to defendant Jeanette O'Sheskey is remanded to the lower court with instructions to grant a new trial. Costs to defendant Jeanette O'Sheskey.

BUSHNELL, C. J., and SHARPE, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred with REID, J.

BOYLES, J., concurred in the result.