## WEILER v. HEUPLE.

1. ESTATES—JOINT TENANCY—CREATION—REQUIREMENT.
   - Joint tenancy in land cannot be created without an express declaration of joint tenancy, a tenancy in common being created in the absence of such declaration, with certain statutory exceptions (CL 1948, §§ 554.44, 554.45).

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Cotenancy and Joint Ownership § 9.
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 4, 9.
[3] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 4, 9, 22, 23.
[4] 41 Am Jur, Pleading §§ 340, 342, 343.
[5] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 105, 117.
[6] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 105, 107, 117.

2. JOINT TENANCY—CREATION—UNITIES REQUIRED IN WRITTEN IN-
STRUMENT.

Written instrument of conveyance which will produce the 4
unities of time, title, interest, and possession is required to
create joint tenancy in land.

3. DEEDS—UNITIES—JOINT TENANCY—TENANCY IN COMMON.

Deed conveying land to A and B, father and son, following
which it was provided that: "Each to own the undivided
one-half and not to be by survivor-ship, as to A but sur-
vivorship as to B," *held*, not to create unity of title or inter-
est in A and B, nor a joint tenancy in A and B, but to make
them tenants in common.

4. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—EFFECT OF INSUF-
FICIENCY.

Probable insufficiency, under court rules, of affidavits made in
support of motion for summary judgment *held*, not to require
reversal of judgment, where decision depended on construc-
tion of undisputed wording of deed as matter of law, and not
on objectionable matter in affidavits (GCR 1963, 116.4; 117.3).

5. TENANCY IN COMMON—POSSESSION—HOSTILITY—PRESUMPTION—
LIMITATION OF ACTIONS.

Presumption is that a tenant in possession recognizes the
rights of his cotenants unless the contrary clearly appears,
and that tenant's possession is rightful, not to the exclu-
sion of others having equal rights, so as not to cause statute
of limitations to run against cotenants (CL 1948, § 609.1).

6. SAME—POSSESSION BY TENANT—PRESUMPTION—EVIDENCE—LIM-
ITATION OF ACTIONS.

Evidence in record which showed that father and son became
tenants in common in land in 1913, farmed it equally until
father's death in 1924, that thereafter son and his wife
managed and controlled it until son's death, after which his
wife controlled it until her death, that after father's death
but before administration of his estate the son conveyed all
of such land to himself and wife as tenants by entireties
through straw man, that such land was not included in inven-
tory of father's estate, and that one of son's cotenants by in-
heritance from the father farmed the land sometime during
son's wife's management, *held*, not sufficient to overcome pre-
-sumption that son's possession and that of his wife was in
recognition of rights of the cotenants, and action of cotenant
was not barred through laches or running of statute of lim-
itations (CL 1948, § 609.1).

Appeal from Monroe; Weipert (William J., Jr.), J. Submitted Division 2 May 10, 1966, at Detroit. (Docket No. 1,026.) Decided October 25, 1966.

Bill of complaint by Fern L. Weiler and Florine M. Langton against Amy Heuple, individually and as administratrix of the estate of Theo Irish, deceased, and Leroy Irish, Genevieve Irish, Carrie Irish, Gordon Bruce Irish, Leona Mae Irish and Frances Gumbert, to partition certain lands. Summary judgment for plaintiffs. Defendant Heuple appeals. Affirmed.

*James J. Kelley, Jr.,* for plaintiffs.

*George W. Paxson* (*Lewis & Watkins,* of counsel), for defendants.

QUINN, J. As alleged tenants in common, plaintiffs filed complaint for partition of certain real estate in Dundee township, Monroe county, Michigan. Defendant Amy Heuple, individually and as administratrix of the estate of Theo Irish, appeared and answered denying that the plaintiffs or the other defendants owned any interest in the land involved and alleging ownership in herself individually and as administratrix aforesaid. In addition, she pleaded as affirmative defenses the statute of limitations,* laches and estoppel. Defendant Heuple moved for summary judgment pursuant to GCR 1963, 117. Plaintiffs answered this motion and filed their motion for summary judgment. The trial court granted plaintiffs' motion and denied defendant Heuple's.

The latter appeals raising 3 questions for decision, namely: the propriety of the trial court's construc-

---

* See CL 1948, § 609.1 (Stat Ann § 27.593).—REPORTER.

tion of the deed under which all parties claim an interest in the disputed property; the sufficiency of the affidavit filed in support of plaintiffs' motion for summary judgment; and whether the statute of limitations and laches bar plaintiffs' action.

April 10, 1913, the land in dispute was conveyed to Homer Irish and Vernie Irish. They were father and son. Following their names as grantees in the introductory paragraph, the deed contains the following language:

"Each to own the undivided one-half and not to be by survivor-ship,. as to Homer Irish but survivorship as to Vernie Irish."

The granting clause of the deed reads:

"unto the said parties of the second part, and to their heirs and assigns, forever, * * * ."

The habendum clause reads:

"To have and to hold the said above described premises to the said parties of the second part, and to their heirs and assigns, to the sole and only proper use, benefit and behoof of the said parties of the second part, their heirs and assigns, forever."

Vernie's proper name was Lavern and he was one of three sons of Homer, the others being Earl, father of the plaintiffs, and Carl. Lavern married Theo, a sister of defendant Amy Heuple.

May 20, 1924, Homer Irish died. His estate was administered in Monroe county probate court with Lavern Irish as administrator. The inventory of the estate did not include the land here involved. A final account was filed January 21, 1925.

July 30, 1924, Lavern executed a quitclaim deed to Josephine Brunton conveying the land here involved. She reconveyed to Lavern and Theo, husband and wife, to create a tenancy by the entireties.

From 1913 to Homer's death, the property was equally controlled and managed by Homer and Lavern and their wives. After Homer's death, Lavern and Theo managed and controlled the premises until Lavern's death, and Theo continued in control until her death. Sometime in the 1940's, Fern Weiler worked the farm but in what capacity is not shown.

The trial court construed the 1913 deed to Homer and Vernie as creating a tenancy in common, and we believe he did so properly. In force at the time was a statute designated as CL 1897, § 8826, presently CL 1948, § 554.44 (Stat Ann 1957 Rev § 26.44), which reads:

"All grants and devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." (The exception in the following section has no application to the case at bar.)

There is no express declaration of joint tenancy and without such declaration, a joint tenancy cannot be created. *Atha* v. *Atha* (1942), 303 Mich 611. In addition, to create a joint tenancy a written instrument of conveyance is required, which will produce unity of time, title, interest, and possession. *Union Guardian Trust Company* v. *Vogt* (1933), 263 Mich 330. The conveyance here involved did not create unity of title or interest in the grantees.

While there is serious doubt that plaintiffs' affidavit in support of their motion for summary judgment meets the requirements of GCR 1963, 117.3, as defined by GCR 1963, 116.4, because many of the statements therein are hearsay and would not be admissible in evidence, none of such objectionable statements affect the disposition of the case in view of our construction of the deed involved. Hence, if

the affidavit was held to be insufficient, it would not
be grounds for reversal.

On the death of Homer Irish, plaintiffs became
tenants in common with Lavern, since their father,
Earl, predeceased Homer.  We believe the rule stat-
ed in *Taylor* v. *S. S. Kresge Company* (1950), 326
Mich 580, is dispositive of defendant's claim that
the statute of limitations and laches bar plaintiffs'
action.  The Supreme Court there adopted from
*Campau* v. *Campau* (1880), 44 Mich 31, the rule:

"The presumption should be that the tenant in
possession respects and recognizes the rights of his
cotenants, until the contrary clearly appears; that
the possession is rightful, and not to the exclusion
of others having equal rights."

We find nothing in this record to overcome this
presumption prior to the time plaintiffs filed this
action.

Affirmed, with costs to plaintiffs.

HOLBROOK, P. J., and MCGREGOR, J., concurred.