## BEZNOS v. MARTIN

1. PLEADING—QUESTION OF FACT—ACCELERATED JUDGMENT.
   Accelerated judgment is not proper where the pleadings present a disputed issue of fact where credibility is in issue or where the facts are such that reasonable minds might disagree on the findings of fact.

2. PLEADING — DEEDS — RESCISSION — DEFENSES — RATIFICATION — ACCELERATED JUDGMENT.
   Accelerated judgment for defendants on grounds of release, ratification and waiver in action to recover part of purchase price of real property was improper where the act of plaintiff pleaded as a ratification may have been the result of a species of economic duress in that he feared the loss of sale of another parcel of property if he did not accede to defendants' demands, and where the taking of testimony was necessary to determine whether there was in fact duress or complusion.

Appeal from Wayne, Horace W. Gilmore, J.  Submitted Division 1 February 10, 1970, at Detroit. (Docket No. 7,263.)  Decided February 27, 1970.

Complaint by Harold Beznos against Shelton A. Martin and Vera F. Martin to recover money paid for real property.  Accelerated judgment for defendants.  Plaintiff appeals.  Reversed.

*Kratchman & Kratchman,* for plaintiff.

*Conyers, Anderson, Brown & Wahls (Prentis Edwards,* of counsel), for defendants.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading § 335 *et seq.*

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ. ·

FITZGERALD, J.   The present action arose as a result of the sale of certain real property situated in the city of Detroit.  On November 1, 1967, plaintiff Harold Beznos acquired title to two pieces of property consisting of a single-family dwelling house located at 3330 Oakman Boulevard and an adjacent vacant lot.

On or about June 22, 1968, Charles W. Hill and Willa M. Hill, his wife, not parties to this action, offered to purchase the home from Beznos.  The offer was made subject to the condition of obtaining an F.H.A.-insured mortgage on this property.

Approximately one month later, Shelton Alvin Martin and Vera Florence Martin, defendants in the present case, began negotiations with plaintiff for the purchase of the aforementioned vacant lot which was also adjacent to the Martin home on Oakman Boulevard.  On July 25, 1968, an offer was made to purchase the vacant property for $3,300 and was duly accepted by plaintiff.  Both parties understood and assumed that the defendants were purchasing only the vacant lot and no portion of the concrete drive which served plaintiff's house and is the subject of this dispute.

Plaintiff conveyed the lot to the Martins on August 8, 1968.  Subsequent to the conveyance, plaintiff discovered that the concrete driveway serving the house, which was to be sold to the Hills, encroached by two feet on the adjacent vacant lot. The defendants threatened the Hills with destruction of the concrete drive and the erection of a fence along the lot line, whereupon the Hills refused to close their purchase.  Plaintiff sought a reconveyance of the two-foot strip and defendants demanded

$1,500 for the deed. The prorated price of the two-foot strip based on the original purchase price was $146.66. Faced with the loss of a sale, plaintiff paid the amount demanded and brought action to recover. Defendants filed a motion for accelerated judgment, alleging that they had re-negotiated the sale of the particular lot and that plaintiff had elected not to rescind his contract, therefore barring any future claim.

The Court addresses itself to the charge that the trial court erred in granting accelerated judgment in that defendants' motion was not a sufficient defense as would defeat plaintiff's claim at that point in the proceedings. The motion was predicated upon GCR 1963, 116.1(5), which states:

"The claim is barred because of release, payment, prior judgment, statute of frauds, infancy, or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action."

Defendant contends that Harold Beznos made no attempt to rescind the contract which was freely and voluntarily made, but in fact elected to ratify the agreement by entering upon negotiations to repurchase the disputed portion of the land. He avers that plaintiff's claim is thereby barred because of release, ratification, and waiver, and that by authority of the court rule, *supra,* a proper defense was presented and accelerated judgment was in order. On the other hand, plaintiff takes the position that defendants failed to set forth any facts which would support the allegations made and that the "election" was a direct result of duress and compulsion.

A complete review of the facts in the instant case does not lend credence to defendants' contention

that the transaction was entirely free and voluntary. Clearly, Harold Beznos was faced with the possible loss of a valuable bargain, had he not submitted to defendants' demands. It is quite possible that these particular facts amount to a species of duress.

Admittedly, there is a question of fact, whether plaintiff "freely and voluntarily" entered the agreement. In *Anderson* v. *Sanders* (1968), 14 Mich App 58, citing *Hodgson* v. *William Beaumont Hospital* (1964), 373 Mich 184, this Court reversed an accelerated judgment stating:

"Permissible inquiry on a hearing pursuant to a motion for accelerated judgment does not include reconciling disputed fact questions where credibility is in issue, nor does it include fact finding except where the facts are such that no reasonable minds might disagree."

An application of *Anderson* to the present controversy reveals that the facts were such that reasonable minds could disagree. The court took no testimony, in spite of the fact that a disputed issue surrounding duress and compulsion did exist.

While this Court does not comment on the substantive claims of duress and compulsion set before us, we do conclude that sufficient facts were at issue to necessitate taking of testimony. We therefore hold that the trial court erred in granting the accelerated judgment.

Reversed. Costs to appellants.

All concurred.