MAINSTER v WEST BLOOMFIELD TOWNSHIP

1. JUDGMENT—SUMMARY JUDGMENT—NO GENUINE ISSUE—AFFIDAVITS
   —PLEADING—DEPOSITIONS—ADMISSIONS—DOCUMENTARY EVI-
   DENCE.
   A motion for summary judgment on the basis that there is no
   genuine issue as to any material fact, made before trial has
   commenced, is not to be granted unless it can be said, giving
   the benefit of every reasonable doubt to the party opposing the
   motion, that there is no genuine issue as to any material fact,
   and in determining whether such an issue does indeed exist, a
   court is required to consider all affidavits filed in the action
   together with the pleadings, depositions, admissions and docu-
   mentary evidence then filed in the action or submitted by the
   parties (GCR 1963, 117.2[3], 117.3).

2. JUDGMENT—SUMMARY JUDGMENT—NO GENUINE ISSUE—ZONING
   RESOLUTION—DOCUMENTARY EVIDENCE.
   A plaintiffs' motion for summary judgment based upon there
   being no genuine issue as to any material fact because of the
   alleged failure of a defendant township's board to file a zoning
   resolution as required by statute was properly denied by the
   trial court where the plaintiffs failed to present any documen-
   tary evidence that the defendant failed to file the required
   resolution; a statement by plaintiffs' counsel that he had made
   an examination of the township records and had not found any
   evidence of such a resolution, together with defendant's answer
   to plaintiffs' interrogatories stating that it had insufficient
   knowledge as to noncompliance with the statute was an insuffi-
   cient basis for the trial court to rule that there was no genuine
   issue as to any material fact.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*
[2] 73 Am Jur 2d, Summary Judgment § 24.
[3] 82 Am Jur 2d, Zoning and Planning § 25 *et seq.*
[4] 82 Am Jur 2d, Zoning and Planning §§ 101, 149–152.
   Applicability of zoning regulations to governmental projects or
   activities. 61 ALR2d 970.
[5] 82 Am Jur 2d, Zoning and Planning § 14.

3. MUNICIPAL CORPORATIONS—ORDINANCES—LEGISLATIVE ENACTMENT
   —PRESUMPTION OF VALIDITY—BURDEN OF PROOF—PREPONDER-
   ANCE OF EVIDENCE.

   There is a presumption in favor of the validity of a legislative
   enactment and anyone who claims an ordinance to be invalid
   has the burden of proving the invalidity by a preponderance of
   the evidence; where the only additional evidence presented at
   trial was the testimony of a planning consultant that he did
   not recall whether a defendant township had filed a required
   resolution, it has not been established by a preponderance of
   the evidence that the ordinance was not duly enacted.

4. ZONING—ORDINANCES—MUNICIPAL CORPORATIONS—GOVERNMENTAL
   LAND USE—PROPRIETARY FUNCTION—EXEMPTIONS—IMMUNITY.

   There are two recognized rules which are relevant to the effect of
   zoning ordinances on governmental land use, the first is that
   all governmental agencies are entitled to immunity from zon-
   ing regulations where the use of the property in question is in
   furtherance of a governmental, rather than proprietary func-
   tion, the second is that governmental projects are not subject to
   zoning regulations if they are expressly exempted by the terms
   of the ordinance; under either rule a governmental unit is able
   to validly subject property to a use which would not be permit-
   ted by the zoning ordinance if it were instead undertaken by a
   private party.

5. ZONING—ORDINANCES—MUNICIPAL CORPORATIONS—EQUAL PROTEC-
   TION—GOVERNMENTAL LAND USE—PRIVATE LAND USE—TEST OF
   REASONABLENESS.

   A zoning classification, as a general rule, must be shown to be
   unreasonable before it is held to deny equal protection of the
   law and the test of reasonableness is satisfied and any discrimi-
   nation will not be set aside if any set of facts reasonably may
   be conceived to justify it; therefore, a defendant governmental
   unit's zoning ordinances do not deny equal protection to a
   group of plaintiffs where the land-use needs of the governmen-
   tal unit provide a reasonable basis for allowing governmental
   uses, but not similar private uses, in residentially zoned areas.

Appeal from Oakland, Robert L. Templin, J.
Submitted March 3, 1976, at Detroit. (Docket No.
20447.) Decided April 5, 1976.

Complaint by Harris W. Mainster, William B.
Buber, Maryann Buber, John L. Gunn and Doris

S. Gunn against the Township of West Bloomfield challenging the validity of the defendant's zoning ordinances as they were applied to the plaintiffs' property by the township's board. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Michael H. Feiler,* for plaintiffs.

*Joseph T. Brennan,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and MCGREGOR and N. J. KAUFMAN, JJ.

MCGREGOR, J. Before the present action was commenced, plaintiffs had sought to have their property in West Bloomfield Township rezoned from R-15, residential, to O-1, office buildings. This change in zoning was desired because plaintiff Harris W. Mainster, a doctor, had offered to purchase the property, subject to rezoning, for use as an office or clinic. The defendant township's board, however, denied this request. The plaintiffs then brought the present action to challenge the validity of defendant's zoning ordinances as they were applied to plaintiffs' property. At the close of plaintiffs' proofs, the defendant made a motion to dismiss, arguing that the presumption that the zoning ordinance was valid had not been overcome by a preponderance of the evidence. After hearing the arguments of counsel, the trial judge granted this motion. Plaintiffs now appeal therefrom as a matter of right.

On appeal plaintiffs raise three issues for our consideration. First, plaintiffs argue that the trial court erred in denying plaintiffs' motion for summary judgment based upon the alleged failure of defendant to file a resolution as required by MCLA 125.272; MSA 5.2963(2). We disagree.

We find that this pretrial motion by the plaintiffs was properly denied under the facts of the present case. In *George E. Snyder Associates, Inc v The Midwest Bank,* 56 Mich App 193, 195–196; 223 NW2d 632 (1974), our Court stated the test to be applied in assessing such a motion:

"A motion for summary judgment under GCR 1963, 117.2(3), made before trial has commenced, is not to be granted unless it can be said, giving the benefit of every reasonable doubt to the party opposing the motion, that there is no genuine issue as to any material fact. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973); *Rowen & Blair Electric Co v Flushing Operating Corp,* 49 Mich App 89; 211 NW2d 527 (1973). In determining whether such an issue does indeed exist, a court is required to consider all affidavits filed in the action 'together with the pleadings, depositions, admissions and documentary evidence then filed in the action or submitted by the parties'. GCR 1963, 117.3."

In the present case, the plaintiffs did not present any documentary evidence that the defendant had failed to file the required resolution. The only thing approaching such evidence was the statement of plaintiffs' counsel that he had made an examination of the township's records and had not found any evidence of such a resolution. Additionally, in answer to plaintiffs' interrogatories, the defendant did not admit that there was noncompliance with the statute, but only that it had insufficient knowledge thereof. In view of these facts and giving the defendant the benefit of every reasonable doubt, we conclude that there remained a genuine issue of material fact as to whether the defendant township had, in fact, complied with the statute.

Moreover, the plaintiffs did not renew this motion nor make a similar motion at the conclusion

of their proofs. Even had they done so, the result should have been the same. In *Northville Area Non-Profit Housing Corp v Walled Lake,* 43 Mich App 424, 431, 433; 204 NW2d 274 (1972), the Court stated:

"It is a well-settled principle of law that there is a presumption in favor of the validity of a legislative enactment, to wit: the amendment to the city zoning ordinance, by virtue of its adoption. It is also well-settled that he who claims the ordinance to be invalid has the burden of proving the invalidity by a preponderance of the evidence. *Jamens v Shelby Twp,* 41 Mich App 461 [200 NW2d 479] (1972).

\* \* \*

"The defendant city refers to *Attorney General v Rice,* 64 Mich 385; [31 NW 203] (1887), cited by the appellant in its brief, as establishing that the presumption of validity applies 'when nothing appears to the contrary in the legislative journals'. They also say that the presumption of the validity applies 'until irregularity is made affirmatively to appear' as stated in *City of Lansing v Michigan Power Co,* 183 Mich 400 [150 NW 250] (1914), also cited by the appellant in its brief. From the record submitted on appeal there is nothing to show any contrary conclusion in the legislative journals nor was there any affirmative showing of irregularity. Thus, the presumption of validity attaches and stands unrebutted."

We find that the record of the present case does not establish by a preponderance of the evidence that the ordinance was not duly enacted. Thus, we must conclude that the enactment met the statutory requirements and that, as a result, the ordinance is valid. The only additional evidence presented at trial on this issue was the testimony of a planning consultant that he did not recall whether the defendant township had filed the required resolution. He, however, was not a public official

and therefore, his statements can not be considered binding on the township. In this context, we note that the Court in *Northvill, supra,* held that even testimony by the city clerk that she had examined the city records and had not found the necessary evidence, would not establish that the ordinance was not validly adopted. The Court therefore held that the defendant city did not sustain its burden of overcoming the presumption of the ordinance's validity. In the present case, the plaintiffs' evidence was considerably weaker than that presented in *Northville.* Consequently, the present plaintiffs must be held to have failed to establish by a preponderance of the evidence that defendant's ordinances were not validly adopted.

The plaintiffs next argue that the township's zoning ordinances are unconstitutional since they would allow the township to utilize an office building on plaintiffs' property but would deny Dr. Mainster the same right. Again, we disagree.

The effect of zoning ordinances on governmental land use is thoroughly discussed in Annotation, *Applicability of zoning regulations to governmental projects or activities,* 61 ALR2d 970. That annotation recognizes two majority rules which are relevant to the present case. The first is that governmental agencies are entitled to immunity from zoning regulations where the use of the property in question is in furtherance of a governmental, rather than proprietary function. See also 2 Anderson, American Law of Zoning, § 9.03, p 106. The second is that governmental projects are not subject to zoning regulations if they are expressly exempted by the terms of the ordinance. See also 2 Anderson, American Law of Zoning, § 9.04, p 110. Thus, under either rule, a governmental unit is able to validly subject property to a

use which would not be permitted by the zoning ordinances if it were instead undertaken by a private party. The only effective difference between the two rules is that the first requires the use to be in furtherance of a governmental function, while the second imposes no such limitation.

Although there is little Michigan authority on this issue, it appears that Michigan does recognize both of the above stated majority rules. In *Taber v Benton Harbor,* 280 Mich 522, 525–526; 274 NW 324 (1937), the Court stated:

"It is the contention of defendant that the erection of the contemplated water tower and tank is an exercise by the city of the police power in performing a governmental function authorized by the charter; that the exercise of said power is a duty incumbent upon the city to provide for the general comfort, safety and welfare of its citizens; and that the city cannot surrender, circumscribe or incumber the power so granted by the charter by the enactment of a zoning ordinance.

"*Although a city may in the construction, operation and maintenance of a water works system be acting, under certain factual circumstances, in a governmental capacity, as a general proposition the weight of authority is to the effect that in engaging in such an enterprise the city acts in a proprietary or private capacity.* (Citations omitted.)

"Under the circumstances in this case, no sound reason is perceived why the city should not be bound by the ordinance in question so long as such ordinance is in force and *defendant is not excepted from its provisions as would be an individual or private corporation in attempting to engage upon the same project under the same conditions.* It is undoubtedly true that under the provisions of the charter the city owes a duty to its inhabitants to maintain an adequate water system, but in so providing it cannot proceed in disregard of the plain legislative enactments of the duly elected representatives of its citizens.

"The cases cited by defendant to the effect that a

municipality may not barter away or surrender any of its sovereign governmental powers are inapplicable and not controlling. Defendant relies on *City of Cincinnati v Wegehoft,* 119 Ohio St. 136 (162 NE 389) [1928]. *It is to be noted that the ordinance there in question specifically exempted the municipality from its operation. Whatever is there said relative to the result that would have obtained had the city not been so specifically exempted cannot be considered as the established law."* (Emphasis added.)

It is clear from the above language that the Court applied the first rule in deciding that the city was not immune from application of the zoning ordinances. Although less clear, it also appears that the Court recognized the second rule and would have allowed the proposed use if the city had specifically exempted itself from the operation of the ordinance.

In the present case, the defendant township has specifically exempted certain governmental projects in the residentially zoned area in which plaintiffs' land is situated. Further, while it is impossible to say exactly what the defendants would build in this area, it appears from the ordinance that they have envisioned only projects of a governmental nature. Thus, under either of the above stated rules, the township does have the power to utilize a non-residential structure within this area, while the plaintiffs clearly do not.

We do not believe that application of either rule would result in a denial of equal protection in the present case. The function of the equal protection clause under Federal and state constitutions is stated in *Fox v Employment Security Commission,* 379 Mich 579; 153 NW2d 644 (1967):

"There is no doubt that State legislatures have a broad range of discretion in establishing classifications

in the exercise of their powers of regulation. However, the constitutional guarantees of equal protection are interposed against discriminations that are entirely arbitrary. In determining what is within legislative discretion and what is arbitrary, regard must be had for the particular subject of the State legislation. There must be a relation between the classification and the purposes of the act in which it is found."

Thus, when a classification is alleged to deny an individual equal protection of the law, such classification as a general rule must be shown to be unreasonable. The test of reasonableness is satisfied and the discrimination will not be set aside if any set of facts reasonably may be conceived to justify it.

It would appear that a reasonable basis exists for allowing governmental uses, but not similar private uses, in residentially zoned areas. A governmental use, be it a police station, fire house, school, or municipal office, serves the residents of a distinct, limited area, and, in order to be effective, must be located as close as possible to those persons. Such is not usually the case where a business enterprise is involved. Further, a governmental use, by practical necessity, must be located somewhere within the boundaries of the governmental unit. As such, the governmental unit does not have the freedom to construct its structures wherever expedient, as does a private business. Nor does the governmental unit have any real freedom not to build essential governmental structures. It must provide schools, fire and police stations, and certain governmental offices, regardless of cost or other considerations. A private business does not face such constraints.

We believe that factors such as these reasonably justify the distinction in defendant's ordinances

between governmental and private business use of otherwise residentially zoned property. The land use needs of a governmental unit, like the defendant, are simply not the same as those of a private business, nor are they even determined by the same criteria. Since such basic differences can provide a reasonable basis for separate treatment, we hold that defendant's ordinances do not deny equal protection to the plaintiffs.

The remaining issue raised by the plaintiffs is without merit. We find that the trial court sufficiently complied with the provisions of GCR 1963, 517.1. As a result, we will not upset the decision of the trial court as it is clearly supportable by the evidence presented.

Affirmed.