## BAKER v CITY OF DETROIT

1. JUDGMENT—ACCELERATED JUDGMENT—AFFIRMATIVE DEFENSES—EX-HAUSTION OF REMEDIES—COURT RULES.

   Failure of a plaintiff employee, in an action against her employer for breach of an employment contract, to exhaust her remedies under a collective bargaining agreement grievance procedure is an affirmative defense which should be raised by the employer by way of a request for accelerated judgment (GCR 1963, 116.1).

2. MOTIONS—SUMMARY JUDGMENT—ACCELERATED JUDGMENT—FIND-INGS OF FACT—COURT RULES.

   A judge is not permitted to make findings of fact in ruling on either a motion for summary judgment based on the absence of a genuine issue of material fact or a motion for accelerated judgment based on disposition of the claim before commence-ment of the action (GCR 1963, 116.1[5], 117.2[3]).

3. MOTIONS—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT—REASON-ABLE DOUBTS.

   A judge hearing a motion for summary judgment grounded on the absence of a genuine issue of material fact must view the facts in a light according every reasonable doubt to the party opposing the motion.

4. MOTIONS—ACCELERATED JUDGMENT—QUESTION OF FACT.

   A motion for accelerated judgment should not be granted where a factual issue exists and where a timely demand for a jury trial has been made.

5. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—QUESTION OF FACT—EMPLOYERS AND EMPLOYEES—EXHAUSTION OF REMEDIES.

   A trial court improperly granted an employer's motion for sum-mary judgment on grounds that the employee had failed to exhaust her remedies under the grievance procedures of a collective bargaining agreement where there was a question of fact as to whether the employee had exhausted her remedies.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 48 Am Jur 2d, Labor and Labor Relations §§ 1205, 1304, *et seq.*

[2–5] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted October 12, 1976, at Detroit. (Docket No. 26887.) Decided December 10, 1976.

Complaint by Cora Baker, for herself and on behalf of others similarly situated, against the City of Detroit for breach of an employment contract with respect to certain employment practices. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Barbara, Ruby & Domol, P. C.* (by *Phil Bozzo*), for plaintiff.

*Kermit G. Bailer,* Corporation Counsel (by *Michael Hurvitz,* Assistant Corporation Counsel), for defendant.

Before: D. E. HOLBROOK, JR., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

D. C. RILEY, J. This case well illustrates how a substantive issue of law, the propriety of a mandatory maternity leave policy, can easily be obscured by a disregard of procedural rules which, curiously enough, are designed to enhance, not impede, the smooth functioning of our judicial system.

On January 23, 1975, plaintiff filed a class action breach of contract suit protesting the policy of her employer, defendant City of Detroit, which imposes a period of forced maternity leave without pay or disability benefits upon pregnant employees, irrespective of an individual female's ability to work during part of the leave period. Defendant's answer advanced, *inter alia,* the affirmative defense that the plaintiff had not exhausted the requisite grievance procedure set up in the

collective bargaining agreement between defendant and plaintiff's labor union.

Next, despite this Court's repeated admonition that hybrid motions are disfavored, *Knapp v City of Dearborn,* 60 Mich App 18, 26; 230 NW2d 293 (1975), *Hobbs v State Highway Department,* 58 Mich App 189, 190 fn 1; 227 NW2d 286 (1975), defendant submitted a motion for accelerated judgment, or alternatively, for summary judgment, GCR 1963 116, 117, on April 8, 1975 challenging plaintiff on the following grounds:

1. That the court lacked jurisdiction over the subject matter.

2. That the plaintiff had failed to exhaust the necessary contractual remedies pursuant to the grievance procedures established by collective bargaining agreements.

3. That the plaintiff had failed to state a claim upon which relief could be granted in that she failed to cite which provisions of the collective bargaining agreement had been breached by the defendant.

4. That the plaintiff's claim was barred by the statute of limitations.

In support of this mongrel motion, defendant appended a copy of the collective bargaining agreement and the affidavit of Mr. Mark Ulciny, the acting labor relations director for the city, which indicated only that the plaintiff was a city employee, that she was a member of Teamsters Local 214, and that the defendant and the union were bound by collective bargaining agreements.

Plaintiff's opposing affidavit, stripped of inadmissible testimony, *West v Farm Bureau Mutual Ins Co,* 63 Mich App 279; 234 NW2d 485 (1975), *Weiler v Heuple,* 4 Mich App 654; 145 NW2d 352 (1966), *Sams v O'Sheskey,* 323 Mich 177; 35 NW2d 234

(1948), reveals that when she was initially forced to take a maternity leave she contacted her union steward, Mr. Jack Ford, to complain about the maternity leave rule; that she was then able and willing to work; and that after extensive conversation, plaintiff, along with Mr. Ford, discussed the matter further with a Mr. Zackula, a representative of the defendant according to plaintiff, to whom she conveyed her displeasure with the city's policy.

Largely because of defendant's hybrid motion, but also because of plaintiff's and the lower court's vain attempts to clarify matters, the hearing on the motion was mired from the start in confusion. The city's failure to separate its arguments based upon accelerated judgment from those arising under summary judgment caused the court to issue an order that appears to be, a melange of the various subrules of General Court Rules 116 and 117:

"*The Court:* * * * I am going to grant the motion for Summary Judgment dismissing this law suit on the basis that this court is presently without jurisdiction, because you are bottoming your action on the Collective Bargaining agreement between the Union and the City of Detroit, and you have not exhausted your remedies under that contract, period.

"*Mr. Bozzo (attorney for plaintiff):* So, just for clarification of that order, essentially, it is failure, you have found that given the affidavit which we have submitted that there is no genuine issue as to the fact whether she did in fact exhaust the administrative remedies, there is no issue of fact as to whether or not it was futile. So this would be a Summary Judgment under Rule 117.2,3, no genuine issue.

"*The Court:* It is the Summary Judgment that will say this, as follows: The plaintiff has failed to exhaust her remedies under the Collective Bargaining agree-

ment. And for that reason, she has no cause of action at this time. And it will be dismissed for that reason.

"*Mr. Bozzo:* Okay.

"*The Court:* That's all I am saying.

"*Mr. Bozzo:* So, it is an accelerated judgment—okay, I won't even make that inquiry.

"*The Court:* All right."

While the lower court couched its order in terms of summary judgment, there are certain features of the case which raise doubt regarding the accuracy of that label. The court indicated that plaintiff's failure to utilize existing contractual remedies deprived the court of jurisdiction to entertain the suit. Lack of subject matter jurisdiction is a ground appropriately raised by way of accelerated judgment. GCR 1963, 116.1(2). Similarly, failure to exhaust contractual grievance remedies should be subsumed under the accelerated, rather than summary, judgment rules. *Pompey v General Motors Corp,* 385 Mich 537, 563–564; 189 NW2d 243 (1971).

However, the quoted extract from the record below also savors of the summary judgment rule. At one point plaintiff's counsel, in a bootless attempt at clarification, suggested that the judge's reason for granting summary judgment was the absence of a genuine issue of material fact under GCR 1963, 117.2(3). Indeed, the parties have based their appellate arguments on this premise. But the judge below never responded directly to the suggestion of plaintiff's counsel. Instead, the lower court paraphrased its order and also indicated that plaintiff "has no cause of action at this time", alluding to GCR 1963, 117.2(1).

Our task, then, is to isolate the grounds on which the judge relied in granting the putative summary judgment motion and to determine

whether the record supports the judge's order. As a threshhold matter, we can eliminate two of the supposed grounds. If the judge ruled as he did because of a perceived lack of jurisdiction, he clearly erred. *Pompey, supra,* at 560, *Charles Dowd Box Co, Inc v Courtney,* 368 US 502; 82 S Ct 519; 7 L Ed 2d 483 (1962), and *Smith v Evening News Association,* 371 US 195; 83 S Ct 267; 9 L Ed 2d 246 (1962). If, instead, the court foreclosed plaintiff's suit because he viewed the failure to exhaust contractual remedies as essentially a failure to state a cause of action, GCR 1963, 117.2(1), again the court erred. As previously indicated, *Pompey, supra,* characterizes inexhaustion of remedies as an affirmative defense which should be raised by way of accelerated, as opposed to summary, judgment.[1]

We are left, then, with two grounds either of which arguably support the grant of summary judgment below, and both of which hinge on a failure to exhaust contractual grievance remedies: one, the absence of a genuine issue of material fact, GCR 1963, 117.2(3), and two, the possibly miscast accelerated judgment ground (*i.e.* a "disposition of the claim before commencement of the action," GCR 1963, 116.1[5], other than those dispositions expressly enumerated in GCR 1963, 116.1[5]). Although these two grounds are quite distinct, they do share a common trait, namely, that a judge, in ruling on either of the grounds, is not permitted to make factual findings. Thus, if fact-finding occurred, we must reverse.

---

[1] We note, in passing, that the lower court never addressed the question whether, as defendant asserts, plaintiff's failure to cite specific provisions of the union contract which were violated by the city, constitutes a failure to state a claim upon which relief can be granted. Consequently, our disposition of the case does not affect defendant's right to reassert this contention on remand.

After careful review of the hearing transcript and the order for summary judgment, we conclude that the lower court did inquire into the facts surrounding this dispute and thus exceeded the scope of permissible inquiry allowed under either an accelerated judgment motion or a summary judgment motion grounded upon subsection (3) of GCR 1963, 117.2.

Our review of the record convinces us that at least two genuine issues of material fact were presented below: whether plaintiff did attempt to invoke her contractual grievance mechanism and, if she did not, whether pursuit of such a course would have been futile.[2] The December 4, 1967 collective bargaining agreement applicable to plaintiff provides in pertinent part:

## 8. *GRIEVANCE PROCEDURE*

"Should differences arise between the City and the Union, an earnest effort shall be made to redolve (sic) such differences promptly and the following procedure shall be adhered to:

"*Step 1. (a)* An employee who believes he has been unjustly dealt with may discuss his complaint with his immediate supervisor, with or without his steward or designated representative. In the event the employee desires that his steward be present, he shall his (sic) request through the supervisor and the supervisor shall make the necessary arrangement.

"*Step 1. (b)* In the event the grievance is not settled orally by the Supervisor, the Steward shall reduce the Grievance to writing within ten (10) working days from the date of the alleged violation. The employee and the steward shall sign the grievance forms. The grievance form must indicate a statement of the grievance and

---

[2] In light of the nebulous factual record below, this Court expresses no opinion regarding what particular state of facts is required to satisfy the so-called futility exception to the rule requiring exhaustion of contractual remedies. *See Glover v St Louis-San Francisco R Co,* 393 US 324; 89 S Ct 548; 21 L Ed 2d 519 (1969).

the facts upon which it is based and the remedy or correction requested. The supervisor shall give a decision in writing within three (3) working days. If the subject grievance is not appealed in writing within five (5) working days from the date of the supervisor's decision, his disposition shall be considered as a settlement of the grievance."

Clearly, this agreement envisions a method whereby an employee may convey a grievance orally to her supervisor; the onus is then on the steward to reduce the grievance to writing and activate the other steps of the grievance procedure. In her affidavit opposing the city's motion, plaintiff states that she did attempt to enlist her steward's aid in filing a grievance with a representative of the city.[3]

We have no way of knowing, however, whether in fact plaintiff pursued this route or whether the person plaintiff contacted was or was not her immediate supervisor. For that matter, neither did the judge below.

Decisional law imposes a duty on a judge hearing a motion for summary judgment grounded on the absence of a genuine issue of material fact to

[3] Despite the language in the introductory paragraph of the grievance provision which seems to require strict adherence to the procedure outlined for filing a grievance, we refuse to hold crucial the fact that plaintiff discussed her grievance with her steward before contacting her supervisor. It is altogether reasonable that an employee might first seek out her union representative to sound him out on the legitimacy of her complaint before approaching management.

If the grievance procedure were internally consistent, we would be more willing to enforce the letter of the introductory paragraph. However, it is not. In addition to the obvious error in spelling and the omitted word, steps 1(a) and (b) reveal an anomaly: While step 1(b) places the burden of transcribing the grievance on the steward, step 1(a) permits the employee to exclude the steward from the meeting between the employee and the supervisor, leaving no one with the express obligation of reducing the grievance to writing—an act crucial to further pursuit of the grievance under the remaining steps of the grievance procedure.

view the facts in a light according every reasonable doubt to the party opposing the motion. *Mainster v West Bloomfield Twp,* 68 Mich App 319, 322; 242 NW2d 570 (1976). This the lower court did not do. Rather, it ventured into the forbidden territory of fact-finding and held that plaintiff had not exhausted her contractual remedies. This was error.

Assuming, as indicated above, that the motion, though purporting to be one for summary judgment, was really for accelerated judgment in disguise, the error remains. By its terms GCR 1963, 116.3 provides that the court shall postpone to the trial on the merits, resolution of factual disputes arising under GCR 1963, 116.1(5) where, as here, a timely demand for jury trial has been made. Where a factual issue exists, it is improper to grant a motion for accelerated judgment. *Erickson v Goodell Oil Co, Inc,* 384 Mich 207; 180 NW2d 798 (1970), *Beznos v Martin,* 22 Mich App 376; 177 NW2d 226 (1970).

The city, had it chosen to shed light on the question of plaintiff's supposed failure to exhaust contractual remedies, could have better supported this charge by offering affidavits or depositions of the appropriate city representatives or union stewards who would have been notified had a grievance been initiated. Or, the city could have further substantiated its allegation by supplying the court with the union's or the city's records which would be relevant insofar as they show the existence or absence of a grievance having been filed. While we appreciate the inherent difficulty in attempting to prove a negative, we view the city's effort as woefully inadequate. All that the city offered in support of its charge were the Ulciny affidavit and the collective bargaining agreement, neither of

which make any mention of plaintiff's failure to exhaust her contractual remedies. Hence, evidentiary support may well have been available; but none was supplied. This absence of truly supportive affidavits compounds the error below in granting the city's motion. GCR 1963, 117.3; 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed), 1975 Supp at pp 95–96.

It follows, then, that we must reverse the grant of summary judgment and remand to the lower court for proceedings consonant with this opinion. We emphasize, however, that since the judge below never responded to two of the city's grounds *(viz.,* that plaintiff's claim was barred by the statute of limitations and that the failure to cite specific contractual provisions alleged to have been violated amounted to a failure to state a claim), we remand without prejudice to the city's right to reassert these arguments in appropriately phrased motions. Of course, we express no opinion regarding the city's likelihood of success on such motions.

Before closing, however, a final comment is in order. As we noted at the outset, the present case highlights how easily inattention to the rules of procedure can ensnare even the best intentioned parties. Perhaps, then, this is an opportune moment to encourage the Supreme Court to consider possible amendments to the Court Rules. If hybrid accelerated and/or summary judgment motions are to be permitted, despite the disapproval of *Knapp* and *Hobbs, supra,* then the moving party should be required to cite after each ground for the motion the precise subsection of GCR 1963, 116.1 and 117.2 on which counsel relies. In addition, the judge in passing on the motion should have the duty to state specifically which of these

grounds support his disposition of the motion and which do not.

Reversed and remanded. No costs, neither side having fully prevailed.