. CEPLIN v BASTIAN-BLESSING DIVISION OF GOLCONDA
CORPORATION

Docket No. 78-2043. Submitted March 8, 1979, at Grand Rapids.—
Decided June 5, 1979.

Plaintiff, Amel Ceplin, filed suit in Ottawa Circuit Court against
defendant, Bastian-Blessing Division of Golconda Corporation,
alleging that defendant breached the collective bargaining
agreement between defendant and plaintiff's union by failing to
reemploy plaintiff following his recovery from disability. Defen-
dant raised the affirmative defenses of laches and failing to
exhaust the grievance procedure. Plaintiff averred in an affida-
vit that he attempted to obtain a grievance form from defen-
dant through its agent and was told that no grievance could be
filed. By the terms of the contract, defendant supplied the
grievance submission forms. Defendant moved for summary
and/or accelerated judgment and the court, Calvin L. Bosman,
J., granted summary judgment of no cause of action. Plaintiff
appeals. *Held:*

1. An employee who attempts to exhaust his grievance proce-
dure but is frustrated by conduct of the employer may obtain
judicial review of his breach-of-contract claim.

2. A motion for summary judgment on the ground that there
is no genuine issue as to any material fact tests whether there
is factual support for a claim or defense. Summary judgment
was wrongfully granted. There was the issue of defendant's
repudiation of the grievance procedure which should have been
tried but was decided by the court under the guise of determin-
ing that no issue of material fact existed.

Reversed.

JUDGMENT — SUMMARY JUDGMENT — GENUINE ISSUE OF MATERIAL
FACT — STANDARD OF DETERMINATION — COURT RULES.

A motion for summary judgment on the ground that there is no
genuine issue as to any material fact tests whether there is
factual support for a claim or defense, thereby filtering out
sham issues which may otherwise result in needless litigation;

REFERENCE FOR POINTS IN HEADNOTE
73 Am Jur 2d, Summary Judgment §§ 1, 26, 27.

a trial court must carefully avoid making findings of fact under the guise of determining that no issue of material fact exists (GCR 1963, 117.2[3]).

*Norman C. Halbower, P.C.,* for plaintiff.

*Scholten & Fant* (by *R. Neal Stanton),* for defendant.

Before: R. B. Burns, P.J., and Allen and Mac-Kenzie, JJ.

R. B. Burns, P.J. In this action plaintiff's complaint alleged that defendant wrongfully refused to reemploy plaintiff following plaintiff's recovery from disability, in violation of the collective bargaining agreement existing between defendant and plaintiff's union. Defendant raised the affirmative defense of laches for failure to file a grievance pursuant to the union contract and moved for accelerated and/or summary judgment. The trial court treated the motion as one for summary judgment under GCR 1963, 117.2(3), and granted it. Plaintiff appeals and we reverse.

Defendant's motion was supported by an affidavit of Mr. Robert L. Walma, an officer of defendant company, which stated that plaintiff had not commenced the grievance procedure contained in the contract. Plaintiff submitted an affidavit in which he stated that, after his request for reemployment was turned down, he requested permission from Mr. Walma to file a grievance and was informed that under the contract the company had the sole right to make the determination of whether or not a man was employable and that no grievance could be filed on that subject. Mr. Walma filed a second affidavit denying that plaintiff had made the request for permission to file a grievance. The contract provides in pertinent part that:

"It is the intention of the parties that an employee and his supervisor will deal directly in their day-to-day relationships. However, the employee is always entitled to contact his Department Steward when he believes his supervisor has not applied the contract fairly.

"If the Union, or any employee * * * believes it or he has been aggrieved by the manner in which the Company interprets, applies or enforces the contract, it or he may seek redress in accordance with the following procedure.

"(a) By presenting the grievance through the Department Steward to the Department Manager within ten (10) work days from the date the incident occurred out of which the grievance arose. * * * The grievance will be written on a form supplied by the Company and will be signed by the employee. The grievance will specify the Article and Section allegedly violated and will request appropriate relief."

The contract thereafter provides that if the grievance is not settled, various appeals may be taken.

In its opinion, the trial court stated that, even accepting as true plaintiff's statement that he had requested permission to file a grievance, the request did not comply with the contract requirements and plaintiff had not complied with the grievance and arbitration procedure provided for in the contract. On appeal, plaintiff argues that the employer is estopped from asserting that plaintiff failed to exhaust his administrative remedy.

Ordinarily, as a matter of Federal labor law, an employee may not maintain an action for an alleged breach of a collective bargaining agreement where the employee has not exhausted the grievance procedure established under the agreement upon which he bases his suit. *Vaca v Sipes,* 386 US 171; 87 S Ct 903; 17 L Ed 2d 842 (1967), *Republic Steel Corp v Maddox,* 379 US 650; 85 S Ct 614; 13 L Ed 2d 580 (1965), *Pompey v General Motors*

*Corp,* 385 Mich 537, 560; 189 NW2d 243 (1971). One exception to this general rule is that an employee who at least attempts to exhaust the grievance procedure but is frustrated in that attempt by conduct of the employer which amounts to repudiation of the procedure may obtain judicial review of his breach-of-contract claim. *Vaca v Sipes,* 386 US 171, 184-185.

This Court has repeatedly admonished that the hyrid motion for accelerated and/or summary judgment is disfavored. See, *e.g., Baker v Detroit,* 73 Mich App 67; 250 NW2d 543 (1976), *Hobbs v Michigan State Highway Dep't,* 58 Mich App 189, 190, fn 1; 227 NW2d 286 (1975). Unless the basis for the motion is crystalized, the resulting procedural confusion may easily lead to error.

Failure to exhaust the grievance and arbitration procedure is an affirmative defense which should have been raised by way of accelerated, not summary, judgment. GCR 1963, 116.1(5), *Pompey v General Motors Corp, supra,* 563, *Baker v Detroit, supra.* The purpose of the accelerated judgment motion is to test certain special defenses which may make trial on the merits unnecessary, even though factual issues may have to be resolved in order to rule upon the motion. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 336. The purpose of GCR 1963, 117.2(3) is to test whether there exists factual support for a claim or defense, thereby filtering out sham issues which may otherwise result in needless litigation. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 358. Defendant was seeking to avoid trial by establishing a defense of failure to exhaust administrative remedies, and not by exposing plaintiff's breach of contract claim as lacking factual support.

Summary judgment was improper. It is unclear whether what should be brought by motion for accelerated judgment may ever be resolved under the summary judgment rule. The proper focus of a defendant's motion for summary judgment should be upon whether plaintiff's claim lacks sufficient support, and not whether the factual support for its own defense is contested. There does exist a fact dispute here as to plaintiff's claim that defendant breached the employment contract. It may be that, if defendant's motion revealed that there was no genuine dispute as to the fact that plaintiff failed to exhaust his administrative remedy, the dispute as to the facts concerning plaintiff's claim of breach of contract would be immaterial, and the motion properly granted. However, we need not resolve this issue, for, as in *Baker v Detroit, supra,* there do exist genuine issues of fact relating to the exhaustion defense.

Summary judgment is inappropriate under GCR 1963, 117.2(3) unless it appears that it is impossible for plaintiff's claim to be supported by evidence at trial. The court must carefully avoid making findings of fact under the guise of determining that no issues of material fact exist. *Partrich v Muscat,* 84 Mich App 724, 730-731; 270 NW2d 506 (1978).

Plaintiff's affidavit creates issues of fact concerning whether plaintiff at least attempted to invoke the grievance procedure, and whether defendant frustrated the attempt by repudiating the procedure. *Vaca v Sipes, supra.* The contract contemplates that employees will normally deal directly with their supervisors. If a dispute arises concerning the contract, the employee may contact his department steward, or may himself seek redress in accordance with the grievance procedure. Al-

though the first step of the procedure is submission of a grievance through the department steward to the department manager, the first part of the first step is acquisition of a grievance form to be supplied by the company. A finder of fact could find that plaintiff's request for permission to file a grievance amounted to a request for a grievance form from the company, and was at least an attempt to invoke the grievance procedure. The employer's response that no grievance could be filed on that subject could be found by a trier of fact to be a repudiation of the grievance procedure by the employer which frustrated plaintiff's attempt to invoke the procedure. Thus, it is possible that plaintiff's claim that the employer is estopped from invoking the grievance procedure would be supported by evidence at trial.[1]

Had defendant's motion been properly treated as one for accelerated judgment, the trial court in this nonjury case could have resolved the disputed fact issues by ordering immediate trial on those issues, or could have postponed resolution of those issues until trial. GCR 1963, 116.3. Instead, the trial court made findings of fact under the guise of determining that no issues of material fact existed. *Partrich v Muscat, supra.* This was reversible error.

Reversed. Costs to plaintiff.

---

[1] Of course, contrary inferences may also be drawn from the facts presented. We express no opinion as to the correct resolution of the factual dispute.