## LaMOTHE v LaMOTHE

Docket No. 61960. Submitted March 9, 1983, at Lansing.—Decided June 22, 1983.

Margaret A. LaMothe, now known as Margaret A. Chartrand, and Leo M. LaMothe were granted a judgment of divorce, Ingham Circuit Court. The divorce judgment provided that its terms should not effect or change the provisions of a joint will previously executed by the parties. Subsequently, Leo LaMothe petitioned the circuit court for enforcement of the divorce judgment alleging that Margaret Chartrand had altered her will, sold the marital home and was preparing to dispose of the proceeds from the sale in violation of the divorce judgment. The court, Michael G. Harrison, J., granted Chartrand's motion to dismiss and entered an order dismissing LaMothe's petition. LaMothe appealed. *Held:*

The trial court dismissed Mr. LaMothe's petition following oral arguments of the parties' attorneys without any testimony or other evidence. The court did not refer to which court rule it was relying upon in dismissing LaMothe's petition either orally or in its written order. The case should be remanded to allow the trial court to state which court rule it relied upon in dismissing the petition and to state the grounds which support the dismissal.

Remanded.

COURTS — DISMISSAL OF ACTION — COURT RULES.

A trial court should state which court rule it is relying upon and the reasons that the court rule supports the dismissal where a trial court dismisses a party's cause of action.

*Andrews & Stapleton, P.C.* (by *William J. Stapleton*), for plaintiff.

*John F. Mertz,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 82.
24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 55, 69.

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant petitioned for enforcement of a divorce judgment. Pursuant to plaintiff's motion, the trial court dismissed defendant's petition. Defendant appeals as of right.

The parties to this action were divorced in September, 1973. The divorce judgment provided in part that:

"It is further ordered and adjudged that the terms of this judgment of divorce shall in no manner effect or change the provisions of the joint will previously executed between the parties hereto."

In September, 1981, defendant moved for enforcement of the divorce decree and for a temporary restraining order. Defendant stated in his supporting affidavit that at the time of the divorce plaintiff's will provided for the residue of her estate to be left to the defendant, that such residue was to include the parties' previous marital home, and that plaintiff had altered her will in violation of the divorce decree. She had sold the marital home and was preparing to dispose of the proceeds from the sale. Defendant was granted a temporary restraining order directing plaintiff not to dispose of the proceeds from the sale of the home.

Plaintiff subsequently moved to dissolve the restraining order and to dismiss defendant's petition. Although plaintiff did not file any accompanying affidavits, plaintiff alleged that her will, executed in 1963, contained a provision stating:

"Although my husband and I are executing substan-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tially similar or identical wills, they are not intended to be joint, mutual or reciprocal wills."

A copy of defendant's will containing a similar provision has been appended to defendant's brief on appeal, but copies of the parties' wills are not contained in the lower court record and do not appear to have been presented to the trial court.

On November 19, 1981, the trial court entertained plaintiff's motion to dismiss. The court heard only arguments of counsel. Although defendant offered to introduce testimony, no witnesses were heard and no documents were introduced. Following arguments, the court granted plaintiff's motion to dissolve the injunction and to dismiss defendant's petition. The trial court did not refer to which court rule it was relying upon in dismissing defendant's petition, either orally or in its written order.

In dismissing a party's action, a trial court should state which court rule it is relying upon and the reasons that the court rule supports the dismissal. See *Baker v Detroit,* 73 Mich App 67, 76-77; 250 NW2d 543 (1976). In the instant case, we do not know whether the dismissal was meant to serve as an accelerated judgment,[1] a summary judgment,[2] or an involuntary dismissal.[3] While this Court has on occasion undertaken the task of reviewing a trial court's dismissal under each of the arguably applicable court rules and subrules to determine whether the dismissal could be affirmed on any ground, see, *e.g., Baker, supra; Spectrum Mfg Corp v Bank of Lansing,* 118 Mich App 25; 324 NW2d 523 (1982), we decline to do so in this

---

[1] GCR 1963, 116.1(1)-(5).

[2] GCR 1963, 117.2(1)-(3).

[3] GCR 1963, 504.2.

case. Rather, we deem it appropriate to remand the case in order to allow the trial court to state which court rule it relied upon in dismissing defendant's petition and to state the grounds which support the dismissal. After receiving the benefit of the lower court's explanation of its dismissal, review will then be appropriate on appeal.

Remanded for further proceedings consistent with this opinion.

We retain jurisdiction.