SMITH v CITY OF WESTLAND

Docket No. 84813. Submitted June 5, 1986, at Detroit. Decided November 24, 1986.

Cynthia Smith, personal representative of the estate of Harold L. Polmateer, deceased, brought an action in the Wayne Circuit Court against the City of Westland and several of its police officers following the suicide of the decedent while in the city's jail. The complaint contained thirteen counts including one alleging a 42 USC 1983 civil rights claim. The trial court, Charles S. Farmer, J., granted the defendants a partial summary judgment disposing of plaintiff's 42 USC 1983 civil rights claim. The parties thereafter agreed on a settlement of the other claims and a consent judgment was entered. Plaintiff appeals from the order granting the partial summary judgment in favor of the defendants on the 42 USC 1983 civil rights claim.

The Court of Appeals *held:*

Summary judgment was appropriately granted. Plaintiff failed to allege facts sufficient to establish either a serious medical need on the part of the decedent or deliberate indifference on the part of the defendants, despite having three opportunities to amend her original complaint. Plaintiff also failed to plead facts in support of her claim that a civil rights violation occurred when the police allegedly failed to administer CPR after they discovered plaintiff's decedent hanging in his cell.

Affirmed.

1. PRISONS AND PRISONERS — MEDICAL CARE — CONSTITUTIONAL LAW — CIVIL RIGHTS.

Deliberate indifference by jail or prison officials to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment; a cause of action is allowed under federal civil rights law if the prisoner alleges acts or omissions sufficiently harmful to evidence .

REFERENCES

Am Jur 2d, Penal and Correctional Institutions § 52.

Civil liability of sheriff or other officer charged with keeping jail or prison for death or injury of prisoner. 14 ALR2d 353.

deliberate indifference to serious medical needs (US Const, Am VIII; 42 USC 1983).

2. PRISONS AND PRISONERS — MEDICAL CARE — MENTAL HEALTH.

Every prisoner or detainee has a right to receive medical care under circumstances in which a reasonable person would seek medical care; prison or jail authorities must make available a level of medical care reasonably designed to meet the inmate's routine and emergency health care needs, both physical and psychological.

3. PRISONS AND PRISONERS — MEDICAL CARE.

A two-step test is applied in evaluating a prisoner's or detainee's claim that jail or prison officials failed to provide him necessary medical care and treatment; it requires deliberate indifference on the part of the officials and it requires the prisoner's or detainee's medical needs to be serious; a medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

4. PRISONS AND PRISONERS — MEDICAL CARE — INTOXICATION — SERIOUS MEDICAL NEED.

Intoxication of an imprisoned person in and of itself normally is not a serious medical need; however, if intoxication is coupled with other medical or psychological problems an imprisoned person may be found to have a serious medical need.

*Robert A. Tyler, P.C.* (by *Robert A. Tyler*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Bernard P. McClorey* and *Christopher J. Johnson*), for defendants.

Before: T. M. BURNS, P.J., and BRONSON and S. EVERETT,* JJ.

PER CURIAM. Plaintiff, Cynthia Smith, personal representative of the estate of Harold Polmateer, deceased, appeals as of right from a December 10, 1984, order granting partial summary judgment in favor of defendants pursuant to GCR 1963,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

117.2(1), now MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted. The order granted summary judgment in regard to plaintiff's 42 USC 1983 civil rights claim. We affirm the grant of summary judgment.

Defendant City of Westland is the employer of the various other defendants who are Westland police officers. This case arose out of a jail suicide committed by plaintiff's decedent. At the time of the grant of summary judgment, plaintiff had filed a third amended complaint. Out of thirteen counts, only one, Count IX, purported to set forth a 42 USC 1983 civil rights claim. The trial court order disposed of this claim and plaintiff proceeded toward trial on the other claims. However, shortly before trial, the parties agreed on a settlement. A consent judgment was entered on April 16, 1985, which settled all outstanding state law claims against all defendants. The consent judgment specifically preserved plaintiff's right to appeal from the December 10, 1984, order of summary judgment.

In regard to the civil rights claim, plaintiff alleged that defendants breached their duty not to deprive plaintiff's decedent of any rights, privileges or immunities secured by the constitution and laws and that such breach was the proximate cause of the pain, suffering and death of plaintiff's decedent. The relevant factual allegations, which were incorporated from Counts I and II of the complaint, were: (1) that on or about November 9, 1979, plaintiff's decedent was arrested by defendant Frazer; (2) that he was then placed in a jail cell in the City of Westland's jail under the control and supervision of the various other defendants; (3) that when he was placed in the cell he was suffering from chemical impairment; (4) that the jail cell was a regular cell, as opposed to a detoxifi-

cation cell; (5) that plaintiff's decedent was not given medical attention; and (6) that subsequent to being placed in the cell plaintiff's decedent committed suicide by hanging himself from the cell bars with his shirt.

A motion for summary judgment pursuant to GCR 1963, 117.2(1) tests the legal basis of a complaint. It does not test the plaintiff's ability to prove the allegations. On review, this Court relies on the pleadings alone and accepts as true all well-pled allegations, along with any inferences or conclusions which may fairly be drawn from those facts. This Court will affirm a grant of summary judgment if the claim is so clearly unenforceable as a matter of law that no factual development could possibly supply a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984), cert den 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984); *Tobias v Phelps,* 144 Mich App 272, 275-276; 375 NW2d 365 (1985), lv den 424 Mich 859 (1985).

The parties agree that the appropriate substantive law is set forth in *Estelle v Gamble,* 429 US 97, 104; 97 S Ct 285; 50 L Ed 2d 251 (1976). In *Estelle,* the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." In *Brewer v Perrin,* 132 Mich App 520, 529-530; 349 NW2d 198 (1984), another jail suicide case, this Court analyzed the *Estelle* decision and wrote:

Such a cause of action is allowed under § 1983 if the plaintiff alleged "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v Gamble,* 429 US 97, 106; 97 S Ct 285, 292; 50 L Ed 2d 251, 261 (1976).

Every prisoner has the right to receive medical care under circumstances in which a reasonable person would seek medical care. *Rust v Alaska,* 582 P2d 134, 143, n 34 (Alas, 1978). Prison or jail authorities must make available a level of medical care reasonably designed to meet the inmate's routine and emergency health care needs. *Ramos v Lamm,* 639 F2d 559, 574 (CA 10, 1980), cert den 450 US 1041; 101 S Ct 1759; 68 L Ed 2d 239 (1981). A prisoner is entitled not only to have his physical needs met, but also to have his psychological needs met. *Inmates of Allegheny County Jail v Pierce,* 612 F2d 754 (CA 3, 1979); *Bowring v Godwin,* 551 F2d 44, 47 (CA 4, 1977).

In evaluating a plaintiff's claim of failure to provide necessary medical care and treatment, courts use a two-step test: "It requires deliberate indifference on the part of [the] officials and it requires the prisoner's medical needs to be serious." *West v Keve,* 571 F2d 158, 161 (CA 3, 1978).

*Hendrix v Faulkner,* 525 F Supp 435, 454 (ND Ind, 1981), explained the second of these requirements: "A medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' *Laaman v Helgemoe,* 437 F Supp 269, 311 (D NH, 1977)." [See also *Gordon v Sadasivan,* 144 Mich App 113; 373 NW2d 258 (1985), lv den 424 Mich 896 (1986).]

Plaintiff in the instant case has failed to allege facts sufficient to establish either a serious medical need on the part of decedent or deliberate indifference on the part of defendants, despite having three opportunities to amend her original complaint. While plaintiff alleges "chemical impairment," i.e., intoxication, she does not allege a serious medical need. Intoxication in and of itself is not normally a serious medical need. However, as is suggested by *Brewer, supra,* an imprisoned person may have a serious medical need if intoxi-

cation is coupled with other medical or psychological problems. Plaintiff does not allege that decedent exhibited unusual behavior or that he was obviously depressed or suicide prone. This differentiates this case from *Brewer* wherein the decedent was intoxicated and exhibited assaultive, violent behavior which was known to the police. Similarly, plaintiff does not allege any facts which would demonstrate deliberate indifference on the part of defendants. Because of this, summary judgment was appropriately granted.

On appeal, plaintiff asserts that a civil rights violation occurred when the police allegedly failed to administer CPR after they discovered plaintiff's decedent hanging in his cell. However, plaintiff failed to plead these facts in support of her civil rights claim.[1] Summary judgment was therefore appropriately granted in regard to the civil rights claim.

Plaintiff also argues on appeal that this Court should allow her to amend her complaint. In light of plaintiff's repeated failures to cure the deficiencies in her claim, and in light of the settlement of all other claims, we believe it would be unfair to allow amendment at this late date.

Affirmed.

BRONSON, J., did not participate.

---

[1] Such facts were not alleged in Count IX of the complaint. Rather, they were alleged in support of a state claim in Count XIII of the complaint.