811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdullah Seifuddin SHABAZZ, Plaintiff-Appellant,
v.
Robert E. LECUREUX; Gloria Sampson, Defendants-Appellees.
 No. 85-2014.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner at the Kinross Correctional Facility in Michigan. The defendants are the warden and an employee in the accounting department of the prison. The plaintiff alleges that $75.00 was illegally appropriated from his prison account. The district court sua sponte dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 The district court can dismiss a complaint sua sponte without service of process if the complaint is frivolous. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985) (per curiam ). The question then becomes whether the district court's holding on this issue was correct.
 
 
 4
 The general rule is that a negligent deprivation of property by state officials does not violate due process if the state provides an adequate postdeprivation hearing. Parratt v. Taylor, 451 U.S. 527, 540-41 (1981). This holding also applies to intentional acts by prison officials. Hudson v. Palmer, 468 U.S. 517, 533 (1984). We agree with the holding of the district court that the plaintiff failed to exhaust the adequate state remedies that are available to him.
 
 
 5
 In his brief, the plaintiff argues that M.C.L. Sec. 600.6440 bars consideration of his cause of action in the Michigan Court of Claims. Gordon v. Sadasivan, 144 Mich.App. 113, 119 (1985). Nevertheless, the plaintiff still possesses an adequate remedy for the recovery of his property under M.C.L. Sec. 600.2920. Gordon, supra. So the district court properly dismissed the case.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.