*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANA MARIA SANDOVAL,

       Plaintiff-Appellee,

v

FARMERS INSURANCE EXCHANGE, HENRY
FORD HEALTH SYSTEM, and VLADIMIR
BOSHEVSKI,

       Defendants-Appellees,

and

ZURICH AMERICAN INSURANCE COMPANY,

       Defendant-Appellant.

FOR PUBLICATION
January 25, 2024
9:15 a.m.

No. 361166
Wayne Circuit Court
LC No. 20-009792-NF

TOX TESTING INC doing business as PARAGON
DIAGNOSTICS, PRO TOXICOLOGY TESTING,
and DETROIT METRO RX (ANA SANDOVAL),

       Plaintiffs-Appellees,

v

FARMERS INSURANCE EXCHANGE,

       Defendant-Appellee,

and

ZURICH AMERICAN INSURANCE COMPANY,

       Defendant-Appellant.

No. 361176
Wayne Circuit Court
LC No. 20-014589-NF

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

REDFORD, P.J.

-1-

In these consolidated appeals, Docket Nos. 361166 and 361176,[1] defendant Zurich American Insurance Company ("Zurich") seeks to appeal as of right the April 2022 stipulated order of dismissal as to Zurich and defendants, Henry Ford Health System ("HFHS") and Vladimir Boshevski ("Boshevski"),[2] in these personal insurance protection (PIP) benefits actions. Zurich is only challenging the trial court's July 2021 order granting defendant Farmers Insurance Exchange's ("Farmers") motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and the October 2021 order denying Zurich's motion for reconsideration. We dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

These cases arise from a motor vehicle accident. In October 2019, plaintiff Ana Sandoval ("Sandoval") was riding as a passenger in a shuttle bus owned and operated by HFHS, driven by Boshevski, and insured by Zurich. When Boshevski made a turn, Sandoval's wheelchair came loose, and she fell onto the floor, sustaining injuries. After the accident, Sandoval submitted a claim for PIP benefits through the Michigan Assigned Claims Plan (MACP), which assigned Farmers as the servicing insurer for her claim.

Sandoval filed suit against Farmers alleging it unlawfully refused to pay her PIP benefits under Michigan's no-fault act, MCL 500.3101 *et seq*. Farmers answered, claiming although it received Sandoval's complaint from the MACP, it did not fail to perform any statutory duty and did not owe Sandoval PIP benefits. Farmers also asserted various affirmative defenses, relevant here, that Sandoval is not entitled to PIP benefits because there is a carrier in a higher order of priority under MCL 500.3114, including the no-fault PIP benefit carriers of HFHS and Boshevski. Plaintiffs Tox Testing, Inc. (doing business as Paragon Diagnostics), Pro Toxicology Testing, and Detroit Metro RX (hereinafter "plaintiffs"), after Sandoval assigned and transferred her rights and interests to them to recover payment for the medical services they provided to Sandoval, also filed suit against Farmers, alleging it violated its statutory duties under MCL 500.3101 *et seq.*, and committed breach of contract. Farmers responded by denying plaintiffs' claims and asserting various affirmative defenses including that Farmers may not be the carrier in the highest order of priority under MCL 500.3114.

Farmers moved for joinder of the actions, and Sandoval moved for leave to amend her pleading to add claims against Zurich, HFHS, and Boshevski. While these motions were pending, Farmers moved from summary disposition under MCR 2.116(C)(10), claiming Sandoval is not eligible for PIP benefits through the MACP under MCL 500.3172. Under MCL 500.3114(2), a person who suffers accidental bodily injury while a passenger of a motor vehicle operated in the

---

[1] We consolidated Docket Nos. 361166 and 361176 on January 17, 2023. *Sandoval v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered January 17, 2023 (Docket No. 361166); *Tox Testing Inc v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered January 17, 2023 (Docket No. 361176).

[2] Defendants Zurich, HFHS, and Boshevski will be referred to as "defendants" when discussed jointly, or by their proper names, as appropriate, for purposes of identification when the facts dictate.

business of transporting passengers shall receive PIP benefits from the insurer of the motor vehicle. Under MCL 500.3114(2)(d), this does not apply to a bus operated by a nonprofit organization unless the passenger is not entitled to PIP benefits under any other policy. While Sandoval indicated she had no automobile insurance at the time of the accident, she identified HFHS through Zurich who had an applicable no-fault insurance policy. Because there is no genuine issue of material fact that Zurich's policy applies to Sandoval's loss, Farmers averred Sandoval may not seek PIP benefits from the MACP as a provider of last resort.

The trial court granted Sandoval's motion to add defendants and also found consolidation of the cases was more appropriate than joinder, consolidating plaintiffs' and Sandoval's cases, and administratively closing plaintiffs' case. Sandoval filed her amended complaint against Farmers, Zurich, HFHS and Boshevski, asserting (1) Farmers and Zurich unlawfully refused to pay her PIP benefits under Michigan's no-fault act, MCL 500.3101 *et seq.*, (2) Boshevski was negligent in his operation of the shuttle bus, and (3) HFHS was liable for Boshevski's negligence under the doctrine of respondeat superior and for the negligent hiring of Boshevski. Defendants answered Sandoval's amended complaint, denying her allegations as untrue and asserting various affirmative defenses, including any and all defenses under MCL 500.3101 *et seq.*, and that Zurich is not the insurer of highest priority under MCL 500.3114.

Defendants responded to Farmers's motion for summary disposition, denying Zurich was the highest priority insurer under MCL 500.3114(2). Defendants argued the shuttle bus was not operated in the business of transporting passengers under MCL 500.3114(2) because the shuttle bus service is an incidental or small part of its primary business function of operating a healthcare system. Thus, Zurich argues, MCL 500.3114(2) is inapplicable to Zurich, MCL 500.3114(4) controls, and Farmers, as the insurer assigned to Sandoval's claim by the MACP, is the highest priority insurer and responsible for paying Sandoval's PIP benefits.

The trial court conducted hearings on Farmers's motion on June 8, 2021 and July 13, 2021. At both hearings for summary disposition, Farmers, argued it was not liable to Sandoval for PIP benefits because under MCL 500.3114(2), Zurich, as the insurer for HFHS, is the highest priority insurer. At both hearings, Sandoval concurred with Farmers. Zurich denied it was the highest priority insurer because the shuttle bus was not operated in the business of transporting passengers and the free shuttle service was incidental to HFHS's primary business operation as a healthcare system. In rebuttal, Farmers argued because HFHS's shuttle bus was specifically equipped to handle transport of wheelchair-bound individuals, the shuttle bus is operating in the business of transporting passengers under MCL 500.3114(2).

On July 19, 2021, the trial court entered an order granting Farmers's motion for summary disposition and dismissed Sandoval's and plaintiffs' claims against Farmers without prejudice. The order stated "**IT IS FURTHER ORDERED** that this Order does not resolve the last pending claim and does not close the case."

Zurich filed a motion for reconsideration and brief in support thereof on August 9, 2021. The trial court denied the motion for reconsideration on October 4, 2021.

The case continued with Zurich filing a motion for summary disposition against plaintiffs January 25, 2022. The trial court issued two orders denying Zurich's motion on February 24, 2022.

After conducting further proceedings, on April 5, 2022, the trial court entered two stipulated orders. The orders dismissed Sandoval's and plaintiffs' claims against Boshevski, HFHS, and Zurich with prejudice and without costs to any party. The second order, dismissing HFHS and Zurich, indicates it resolves the last pending claim and closes the consolidated cases, but does not indicate Zurich reserved a right to appeal the order. The second and final order was signed by counsel for Sandoval, counsel for intervening plaintiff Tox Testing (one of Sandoval's medical providers) and counsel for defendants Zurich, Henry Ford Health System.

The order provided as follows:

**UPON READING AND FILING** of the stipulation attached hereto, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that the above-captioned consolidated matters, Cases Nos. 20-009792-NF and 20-014589-NF, be dismissed as to Henry Ford Health System and Zurich American Insurance Company, with prejudice and without costs to any party. This resolves the last pending claim and closes these consolidated cases.

The referenced stipulation provided:

**IT IS HEREBY STIPULATED**, by and between counsel for the above-named parties, that the above-captioned consolidated matters, Case Nos. 20-009792-NF and 20-014589-NF, be dismissed as to Henry Ford Health System and Zurich American Insurance Company, with prejudice and without costs to any party. This resolves the last pending claim and closes these consolidated cases.

It is noted, in the caption of both the stipulation as well as the final order, Farmers Insurance Exchange was listed in both cases but with a line drawn through.

At no time prior to stipulating to resolve the last pending claims in the consolidated cases, did Zurich or any other defendant seek interlocutory review of the trial court's July 19, 2021 order granting summary disposition to Farmers or the October 4, 2021 order denying reconsideration.

On April 26, 2022, Zurich filed a claim of appeal of the trial court's July 19, 2019 order. On May 3, 2022, the Chief Judge of the Court of Appeals dismissed Zurich's appeals under MCR 7.203(F)(1) "for a lack of jurisdiction because the April 5, 2022 judgment is a consent judgment and does not include any provision allowing for an appeal as to certain issues." *Sandoval v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered May 3, 2022 (Docket No. 361166); *Sandoval v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered May 3, 2022 (Docket No. 361176). Zurich moved for reconsideration under

MCR 7.215(I),[3] claiming we have jurisdiction because Zurich did not stipulate to the trial court's ruling on Farmers's motion for summary disposition, and is an aggrieved party to the July 2021 order granting Farmers's motion for summary disposition. We granted Zurich's motion for reconsideration and reinstated its appeals. *Sandoval v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered July 1, 2022 (Docket No. 361166); *Sandoval v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered July 1, 2022 (Docket No. 361176).

## II. JURISDICTIONAL CHALLENGE

At the outset, we must address Farmers's jurisdictional challenge to Zurich's appeals in Docket Nos. 361166 and 361176. Although this issue was resolved by the previous order of this Court, because it involves a question of this Court's subject-matter jurisdiction, it may always be reviewed by this Court. See *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

## A. STANDARDS OF REVIEW

We review de novo whether we have jurisdiction over an appeal. *Id*.

## B. ANALYSIS

Under MCR 7.203(A)(1), this court has "jurisdiction of an appeal of right filed by an aggrieved party from" "[a] final judgment or final order . . . as defined in MCR 7.202(6) . . . ." A final judgment or order is defined as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(i). In July 2019, the trial court entered an order granting Farmers's motion for summary disposition and dismissed all claims against Farmers. But, because the order did not resolve the last pending claim, it was not a final order and Zurich could not appeal it as of right. In April 2022, the trial court entered two stipulated orders, one dismissing Sandoval's claims against Boshevski with prejudice and the other dismissing Sandoval's and plaintiffs' claims against HFHS and Zurich with prejudice. The second order indicates it resolves the last pending claim and closes the consolidated cases, thus, the April 2022 order is final under MCR 7.203(A)(1).

Farmers argues that because the April 2022 stipulated order does not indicate Zurich reserved a right to appeal the order, Zurich is precluded from appealing it altogether. We agree. Generally, "a party cannot stipulate a matter and then argue on appeal that the resulting action was error." *Begin v Michigan Bell Telephone Co*, 284 Mich App 581, 585; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10, 34; 831 NW2d 849 (2013) (quotation marks and citation omitted). But an appeal of right to this Court "is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling." *Travelers Ins v Nouri*, 456 Mich 937; 575 NW2d 561 (1998); see also *Begin*, 284 Mich App at 585. See also *Kocenda v Archdiocese of Detroit*, 204 Mich App 659, 666; 516 NW2d 132 (1994) ("We

---

[3] Actually, MCR 7.203(F)(2) is the proper court rule for a motion for reconsideration of an order under MCR 7.203(F)(1).

-5-

decline to address the issues raised by defendants on cross appeal, because defendants did not condition their stipulation and consent to the court's final orders upon the right to appeal the court's earlier refusal to grant their motion for summary disposition.")

*Travelers Ins* was an action on application by our Supreme Court. In the Court's order remanding to the Court of Appeals and allowing a claim of appeal, the Court cited three cases. *Vanderveen's Importing Co v Keramische Industrie M deWit,* 199 Mich App 359; 500 NW2d 779 (1993); *Smith v City of Westland,* 158 Mich App 132; 404 NW2d 214 (1986); and *Field Enterprises v Dep't of Treasury*, 184 Mich App 151; 457 NW2d 113 (1990). *Vanderveen* involved an appeal of a consent judgment that specifically preserved the right to appeal the issue appellants sought review of. *Smith* was a case alleging 13 different claims. In the litigation, the trial court granted summary disposition on one of the 13 claims, alleging a violation of 42 USC 1983. Shortly before trial all remaining counts were settled and the consent judgment specifically preserved plaintiff's right to appeal the 1983 claim. In *Field Enterprises,* the parties had initially resolved a Court of Claims dispute by entry of a consent judgment. When appeal was sought of this judgment, this Court rejected the claim because the appellant was not an aggrieved party under the terms of the consent judgment. Thereafter, the parties filed an amended consent judgment which preserved the right to appeal. The appellants appeal of right was then accepted by this Court.

In the case before us, the April 2022 stipulated order did not reserve in any manner Zurich's right to appeal or to challenge the July 2021 order granting summary disposition in favor of Farmers. It is certainly true that a party, although appealing from the final order in a case, "is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). But it is not a question whether an appellant is aggrieved by an earlier order; it must still be able to claim an appeal from the final order in order to challenge the earlier order. And it cannot do so if it consented or stipulated to the final order, unless it has reserved the right to do so in its stipulation to the order. *Travelers Ins, supra.* And Zurich failed to do so in this case. Accordingly, this Court lacks jurisdiction to hear this appeal.[i]

### III.  CONCLUSION

The original order in this case correctly determined that this Court lacks jurisdiction over this appeal and the order that reinstated this appeal was entered erroneously. Therefore, we vacate that order.

Appeal dismissed for lack of jurisdiction.

/s/ James Robert Redford
/s/ Kathleen A. Feeney

---

[i]We note that between the time the trial court granted summary disposition and Zurich and all other remaining defendants stipulated that the consolidated cases were closed the record appears to indicate motion practice, settlement discussions, facilitation and eventually an agreement to resolve all pending claims took place and the consolidated cases were concluded by stipulation. Had Zurich wished to preserve the issue regarding whether or not they, as the insurer of the health system whose privately owned and operated transportation services, used solely for the movement of patients in the furtherance of the health system providing the important medical care that they deliver throughout our state should have been the priority no-fault carrier to provide coverage for in the first instance, they could have done so but did not. This opinion should not be taken as a conclusion that there could never be a situation where a case is settled by a consent judgment that does not specifically retain a right of appeal in a prior nonfinal ruling,

However, in the matter before the Court, given the stipulation that the last pending claims were resolved and both consolidated cases were closed; the failure to preserve this issue in the consent judgment or by timely seeking and obtaining interlocutory review of the earlier rulings leads to the result set forth in this opinion.